UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY JOE,

        Petitioner,        Case No. 1:15-cv-175

v.        Honorable Janet T. Neff

DALE MILLER,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Michael Anthony Joe presently is incarcerated at the Ionia County Jail on unspecified charges. Petitioner brings this habeas corpus action in connection with a prior aggravated stalking conviction, MICH. COMP. LAWS § 750.411i, for which he pleaded guilty in the Wayne County Circuit Court. On March 30, 2010, Petitioner was sentenced to six months' to five years' imprisonment. Petitioner did not appeal his conviction to the Michigan Court of Appeals nor did he seek leave to appeal in the Michigan Supreme Court. Petitioner was discharged on January 2, 2015. He filed the instant action on or about February 10, 2015.[1]

**Discussion**

To the extent Petitioner seeks to challenge his 2010 conviction, this Court is without subject matter jurisdiction to grant habeas corpus relief. Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) require that a § 2254 habeas petition be filed when a person is "in custody" for that conviction "in violation of the Constitution or laws or treaties of the United States." Ordinarily, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). In the present case, Petitioner's 2010 sentence completely expired on January 2, 2015, the date on which he was unconditionally discharged by the

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on February 10, 2015, and it was received by the Court on February 17, 2015. Thus, it must have been handed to prison officials for mailing at some time between February 10 and 17. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

Michigan Department of Corrections. Under *Maleng*, the mere fact that he faces collateral consequences from the 2010 conviction, such as the possibility in a future conviction of a sentencing enhancement as a habitual offender, does not render him "in custody" under the 2010 conviction.

At the time *Maleng* was decided, however, the Court reserved the question whether a petitioner in custody for a second conviction, the sentence for which was enhanced by virtue of a prior expired sentence, could question the legality of the prior sentence in a habeas petition challenging the second conviction. *See Maleng*, 490 U.S. at 492-93); *Young v. Vaughn*, 83 F.3d 72, 74 (3d Cir. 1996); *Gamble v. Parsons*, 898 F.2d 117, 118 (10th Cir. 1990); *Starks v. Straub*, No. 96-1044, 1997 WL 468325, *2 (6th Cir. 1997). Arguably, Petitioner's *pro se* application, construed liberally, attacks the 2010 conviction insofar as it may be used to enhance a new sentence.

In 2001, however, the Supreme Court squarely decided the question left open in *Maleng*. The Court held that

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001) (holding that petitioner could not challenge under § 2255 a prior state-court conviction used to enhance a subsequent federal sentence)).[2] As a result, following *Lackawanna*, this Court is without jurisdiction to consider Petitioner's challenge to his 2010 conviction because he is not in custody for that conviction.

---

[2]The Court held that an exception to the rule is available when the petitioner seeks to challenge an enhanced subsequent sentence on the basis that the earlier sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment. Here, Petitioner has identified the name of counsel appearing for him in the 1970 conviction. Accordingly, the exception identified by the Supreme Court is inapplicable here.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this

Court has examined each of Petitioner's claims under the *Slack* standard.  Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  March 27, 2015              /s/ Janet T. Neff
                                    Janet T. Neff
                                    United States District Judge